■ In the Matter of MELVIN V., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of the Family Court, Bronx County (Rhoda Cohen, J.), entered on or about April 5, 1989, adjudicating respondent a juvenile delinquent pursuant to a fact-finding determination that he had commit-

ted acts which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01) and placing him in the custody of the New York State Division for Youth, title II, for 12 months; and an order of the same court (Harold J. Lynch, J.), entered on or about April 5, 1989, upon a prior order of disposition, entered January 18, 1989, pursuant to a fact-finding determination that respondent had committed acts which, if committed by an adult, would constitute the crime of assault in the third degree (Penal Law § 120.00) and upon respondent's violation of the terms of probation of that prior order of disposition, placing him in the custody of the New York State Division for Youth, title II, for a period of 12 months, are unanimously reversed, on the law, the dispositions vacated, and the petition dismissed, without costs.

Respondent correctly asserts, and it is commendably conceded, that the evidence adduced at the fact-finding hearing before the court (Cohen, J.) was legally insufficient to establish his guilt beyond a reasonable doubt of the crime of criminal possession of a weapon in the fourth degree. It was not alleged that respondent was in actual physical possession of the weapon, and petitioner was obliged to demonstrate that respondent had constructive possession, meaning "to exercise dominion or control over tangible property" (Penal Law § 10.00 [8]; *People v Patel,* 132 AD2d 498, *lv denied* 70 NY2d 935). This the petitioning agency failed to do. The evidence established only that the gun was recovered from respondent's open classroom desk, over which he exercised no exclusive control. Respondent was not seen in the area of his desk either prior to, or at the time of, the recovery. Students from other classes had been in the room prior to the recovery of the weapon, and some of respondent's classmates were present at the time of recovery. As we have noted, "when a weapon is found in an area occupied by a number of people, and where no individual could be deemed to have dominion and control over it, the People have the heavy burden of establishing constructive possession" *(People v Patel, supra,* at 501). Moreover, the assistant principal, who recovered the gun in the late afternoon, testified at the hearing that she had been informed earlier in the day that one of the respondent's classmates, rather than respondent, possessed the weapon. That same classmate was present at the time of recovery. Under these circumstances, the evidence was legally insufficient to establish constructive possession to support the court's determination *(People v Patel, supra; People v Lynch,* 116

AD2d 56, 61). Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.